UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK | : | |
| Petitioner | : | |
| V. | : | C.A. NO. 05-398ML |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICE ET AL. | : | |
| Respondent. | : | |

**RESPONDENTS' OBJECTION TO MOTION FOR MERITS HEARING AND RESPONSE TO PETITIONER'S OBJECTION TO THE MOTION TO DISMISS**

Respondents hereby object to Gero Meyersiek's motion for a hearing on the merits of his Petition for Adjudication of Naturalization for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER #3415
Assistant United States Attorney
U.S. Attorney's Office
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

Of Counsel:

Patricia M. Corrales
Office of Immigration Litigation
Department of Justice

Ellen Gallagher
Bureau of Citizenship and Immigration Services
Department of Homeland Security

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 26th day of April, 2006, a true and correct copy of the foregoing Motion to Dismiss was served on Petitioner, by mailing same, by first-class mail, postage prepaid, to:

Laura C. Harrington, Esq.
David C. Potts, Esq.
575 East Main Road
Middletown, RI 02842

Nancy A. DeQuenza

UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK | : | |
| Petitioner | : | |
| V. | : | C.A. NO. 05-398ML |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICE ET AL. | : | |
| Respondent. | : | |

**MEMORANDUM IN SUPPORT OF RESPONDENTS' OBJECTION TO MOTION FOR MERITS HEARING AND RESPONSE TO PETITIONER'S OBJECTION TO THE MOTION TO DISMISS**

In support of their objection to the motion for a merits hearing on his Petition for Adjudication of Naturalization filed by petitioner Gero Meyersiek (petitioner or Meyersiek) and in response to Meyersiek's objection to respondents' motion to dismiss, respondents assert the following:[1]

**1. THIS COURT DOES NOT HAVE JURISDICTION OVER THE PETITION**

Petitioner's reliance on United States v. Hovsepian, 359 F. 3d 1144 (9th Cir. 2004), for the proposition that this Court has exclusive jurisdiction over his petition, is misplaced. It is axiomatic that the Attorney General has the "sole authority to naturalize persons as citizens of the

[1] Respondents note that petitioner's objection was untimely. His response was due March 20, 2006, and he neither sought an extension, nor contacted respondents to agree to one (although respondents would have agreed to such an extension).

Additionally, respondents withdraw their suggestion that the petition could be dismissed for failure to effectuate service in accordance with Rule 4(i) of the Federal Rules of Civil Procedure, in light of the evidence produced by petitioner.

United States." 8 U.S.C. § 1421(a).[2]

This is not a case in which the Court has jurisdiction pursuant to 8 U.S.C. § 1421( c) or 1447(b). The Bureau of Citizenship and Immigration Services of the Department of Homeland Security (CIS) did not fail to act, nor did it delay acting.[3] This is a case where a decision was made promptly by CIS in January 2006, upon receipt of a report indicating that Meyersiek had engaged in insurance fraud. The decision found Meyersiek ineligible for naturalization because he lacks good moral character, based *inter alia,* on insurance fraud. See, Exhibit 5, attached to respondents' motion to dismiss. After the denial, petitioner filed an administrative appeal pursuant to Section 336(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1447(a), by filing Form N-336 and requesting an administrative appeal hearing. The administrative appeal remains pending. As noted in detail in the motion to dismiss, before this Court can obtain jurisdiction over the Petition, Meyersiek must exhaust all administrative remedies. See, 8 C.F.R. 336.9(d). See also, Pichardo-Martinez v. Ashcroft, 399 F. Supp. 2d 1043 (D. Ariz. 2005); and Alkenani v. Barrows, 356 F. Supp.2d 652, 656 (N.D. Tex. 2005) ("The Court is unaware of any

---

[2] While it is true that a district court has jurisdiction over naturalization applications in two contexts, neither exists in this case. First, if an application has been denied, an applicant may seek a *de novo* review of the denial in district court, but only "after a hearing before an immigration officer under section 1447(a)." 8 U.S.C. § 1421( c). Second, an applicant may apply to a district court for a hearing if CIS fails to make a determination on his or her application "before the end of the 120-day period after the date on which the examination is conducted." 8 U.S.C. § 1447(b). The district court then has jurisdiction over the application to either "determine the matter or remand the matter, with appropriate instructions, to the Service." Id.

[3] On March 1, 2003, the Immigration and Naturalization Service was abolished and its functions were subsumed into the newly formed Department of Homeland Security (DHS). One of the new divisions formed, the United States Citizenship and Immigration Services (CIS), assumed jurisdiction over the adjudication of immigration benefits. For the sake of consistency, respondents refer only to "the Service" or "CIS".

statute which authorizes a *de novo* hearing on a naturalization application in federal district court while a section 1447(a) appeal is pending."). Petitioner has not exhausted his administrative remedies as the administrative appeal of the denial of his naturalization application remains pending.

Respondents respectfully suggest that the purpose of 8 U.S.C. § 1447(b) is to hasten the administrative decision-making process. As an initial administrative decision has already been issued and an appeal been taken, the purpose of the statute is being met. Thus, even if the Court does not dismiss the petition, the Court should remand the matter to the Service to complete the administrative process by determining petitioner's appeal.

**2. PETITIONER HAS WAIVED HIS RIGHT TO JUDICIAL REVIEW**

Additional factors mitigate against this Court's exercise of jurisdiction and further distinguish this case from Hovsepian. Petitioner was interviewed on February 3, 2004. Although petitioner claims that his right to judicial review was ripe on or about June 3, 2004 (approximately 120 days from the date of the interview portion of the examination), he sat on his alleged rights for almost 1 ½ years - until December 2005 - before filing suit. This wait on petitioner's part is tantamount to a waiver of judicial review by laches. "When the doctrine of "laches" is applied, a party is held to have waived a claim or defense by inaction or delay." Stuyvesant Ins. Co. v. District Director, Immigration and Naturalization Service, U. S. Dept. of Justice, 407 F. Supp. 1200, 1207 (D.C. Ill. 1975). See also, K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 911 (1st Cir. 1989) ("The equitable doctrine of laches bars assertion of a claim where a party's delay in bringing suit was 1) unreasonable, and 2) resulted in prejudice to the opposing party.") (citation omitted). In this case, not only was petitioner's delay unreasonable,

CIS has been prejudiced by having devoted its limited resources to completing the initial administrative decision, which petitioner now claims is void *ab initio*. In any event, Meyersiek's delay in filing suit also indicates a lack of urgency on his part and CIS should be allowed to complete the administrative process Meyersiek has begun.

### 3. CRIMINAL INVESTIGATION REMAINS PENDING

Moreover, this is a case in which a pending criminal investigation into petitioner's activities prevented CIS from issuing a decision before January 2006. Since 1997, Congress has required that a complete Federal Bureau of Investigation (FBI) criminal background investigation be conducted on each applicant for citizenship. Essa v. United States Citizenship and Immigration Services, 2005 WL 3440827, *2 (D. Minn.) (citations omitted). In fact, regulations require CIS to "notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the FBI that a full criminal background check of an applicant has been completed. Id. See also, 8 C.F.R. § 335.2(b). Following completion of the FBI's criminal background check, CIS must either grant or deny the application within 120 days after the date of the initial examination of the applicant." See, id., § 335.3(a). See also, Danilov v. Aguirre, 370 F. Supp. 2d 441, 444 (E.D. Va. 2005); (Examination includes the completion of the FBI background investigation; 120 day period does not begin to run until it is concluded); Essa v. U.S.C.I.S., 2005 WL 3440827, *2 (D. Minn. Dec. 14, 2005) ("The FBI criminal background check is a vital piece of information and absent such information the court system is simply not equipped with the resources necessary to ensure a thorough investigation prior to the giving of the naturalization oath."); and Alkenani v. Barrows, 356 F. Supp.2d 652, 657 (N.D. Tex. 2005) ("Nor does the

immigration service have authority to expedite the FBI investigation or give petitioner priority over background checks requested by other agencies."). Cf., Zayed v. United States, 368 F.3d 902, 906 (6th Cir. 2004) ("A district court that is exercising § 1421( c) jurisdiction can review only those decisions that [the Attorney General is permitted to make.]"). In Alkenani, the court found that the delay in deciding petitioner's appeal was not unreasonable under the unique circumstances of that case: namely, that the immigration service was still awaiting the results of an FBI check. Id. at 657.

In this case, petitioner filed his application for naturalization on November 2, 2002 (Exhibit 1).[4] The Service requested an FBI criminal background check on December 8, 2002 (Exhibits 7 and 8). It received a response from the FBI on September 15, 2003, which included a report dated September 4, 2003, indicating that petitioner was the "the subject of a pending Fraud By Wire - Insurance Investigation," and that the insurance company was also investigating the claim (summary of response, attached as Exhibit 8; 9/4/03 FBI Report, attached as Exhibit 9). The summary of response (Exhibit 8), dated September 19, 2003, included the results of National Criminal Information Center (NCIC) and Interstate Identification Index (III) checks and indicated that petitioner has a record of arrest for criminal offenses. Id. Several weeks after filing his naturalization application, petitioner was arrested on November 20, 2002, and charged with assaulting Mary Seguin. Although this charge was dismissed on January 13, 2004 (Exhibit 2), in the interim, Mary Seguin obtained a non-expiring protection order against petitioner on November 26, 2002 (Exhibit 3). The order specifically required that petitioner refrain from

[4] Exhibits 1 to 6, excerpts from the administrative record, are attached to respondents' motion to dismiss.

"assaulting, threatening, abusing, harassing, following, interfering, or stalking the protected person and/or the child of the protected person." Id. Petitioner was interviewed by an adjudicator in connection with his naturalization application on February 3, 2004 (Exhibit 1). On October 19, 2004, the FBI provided an updated (but not final) background check to CIS (Exhibit 10). In this report, the FBI confirmed that petitioner remains "the subject of a pending Fraud By Wire - Insurance Investigation initiated by [the FBI];" that the insurance company investigated petitioner's claim and notified him that the company was discontinuing his payments; and that petitioner appealed that decision. Id. Thereafter, CIS, having been informed of the fraud investigation being conducted by UNUM Provident Insurance Company (UNUM), issued a subpoena to UNUM for its records. After receiving a summary of UNUM's investigation on January 27, 2006, CIS denied petitioner's application for citizenship (Exhibit 5).[5] As noted, petitioner has appealed this denial, which is now pending before CIS.

**4. PETITIONER LACKS GOOD MORAL CHARACTER**

As evidenced by the report from UNUM corporation (Exhibit 4) and by other evidence referenced in the administrative denial (Exhibit 5), petitioner lacks good moral character. If the Court chooses to exercise jurisdiction over this matter and does not remand the matter to the agency to complete the administrative process, it should deny the relief sought and dismiss the petition for review.

[5] Respondents have not even answered the petition in this case. Their motion to dismiss was filed on March 3, 2006.

WHEREFORE, based on the foregoing, and the reasons set forth in their motion to dismiss, respondents urge the Court to deny petitioner the relief sought and dismiss the petition.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER #3415
Assistant United States Attorney
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

Of Counsel:

Patricia M. Corrales
Office of Immigration Litigation
Department of Justice

Ellen Gallagher
Bureau of Citizenship and Immigration Services
Department of Homeland Security

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 26th day of April, 2006, a true and correct copy of the foregoing Motion to Dismiss was served on Petitioner, by mailing same, by first-class mail, postage prepaid, to:

Laura C. Harrington, Esq.
David C. Potts, Esq.
575 East Main Road
Middletown, RI 02842

[signature]