UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GERO MEYERSIEK,
        Petitioner,

v.                                      CA 05-398 ML

U.S. CITIZENSHIP AND IMMIGRATION
SERVICE, et al.,
        Respondents.

## MEMORANDUM AND ORDER

This matter is before the Court on Respondents' Motion to Dismiss made pursuant to Fed. R. Civ. P. 12(b)(1). Petitioner objects to the Motion to Dismiss and moves for a hearing on the merits of his Petition for Adjudication of Naturalization. Respondents object to Petitioner's Motion for Hearing on the Merits. For the reasons set forth below, Respondents' Motion to Dismiss is DENIED and Petitioner's Motion for Hearing on the Merits is GRANTED.

### I. Facts

Petitioner is a native and citizen of Germany. He entered the United States on January 12, 1974 as an H-1 non-immigrant. In 1974, he married a U.S. citizen. As a result of the marriage, Petitioner gained lawful permanent residence in September 1975. Petitioner was divorced on February 21, 2001. There were two children born of the marriage.

Petitioner filed his Application for Naturalization with the legacy Immigration and

Naturalization Service (INS) Vermont Service Center on October 31, 2002. While his application was pending, legacy INS was abolished. On March 1, 2003, the functions of INS were subsumed into the newly created Department of Homeland Security (DHS), a subdivision of which, United States Citizenship and Immigration Services (USCIS) assumed jurisdiction over immigration and naturalization matters. On February 3, 2004, Petitioner was interviewed in connection with his application by an adjudicator with the USCIS. At the interview, the adjudicator requested additional documentation. The requested documents were delivered to USCIS by Petitioner's counsel on the same day they were requested.

From March 2004 through July 2005, Petitioner, through counsel, made several inquiries of USCIS as to the status of his application. He received no reply from USCIS, nor did USCIS adjudicate his application. On September 19, 2005, Petitioner filed a Petition for Adjudication of Naturalization pursuant to 8 U.S.C. § 1447(b). On or about December 5, 2005, Respondents were served with the Petition. On January 27, 2006, the USCIS issued a denial of Petitioner's application pursuant to Title 8 § 316.10(b)(3)(ii) and 316.10(b)(3)(iii) of the Code of Federal Regulations for failure to establish good moral character. Petitioner filed an appeal from that adjudication on February 23, 2006.

## II. Discussion

Respondents make three arguments in support of their Motion to Dismiss and Opposition to Petitioner's Motion for Hearing: first, Respondents argue that this Court lacks subject matter jurisdiction over the Petition because Petitioner has failed to

exhaust his administrative remedies; second, Respondents argue that because a criminal investigation of Petitioner "remains pending," its adjudication of Petitioner's application on January 27, 2006 was timely; and, third, Respondents argue that Petitioner waived his right of judicial review by waiting too long to file his Petition in the district court. The Court will address each of these contentions in turn.

Petitioner has filed his petition pursuant to 8 U.S.C. § 1447(b). That statute provides the parameters for applying to a district court for a hearing on an Application for Naturalization:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

A.  Subject Matter Jurisdiction

In this case, Petitioner filed his application with legacy INS on October 31, 2002. On February 3, 2004, Petitioner appeared at USCIS and was interviewed in connection with his application for naturalization. USCIS did not make a determination on Petitioner's application on or before June 2, 2004, i.e., the 120th day after the date on which the examination was conducted. Petitioner, through counsel, made several inquiries of USCIS from March 2004 through July 2005 as to the status of his application; however, USCIS did not respond. Petitioner then filed this action on

September 19, 2005. Respondents were formally served on or about December 5, 2005.

In <u>United States v. Hovsepian</u>, 359 F.3d 1144 (9th Cir. 2004), the Ninth Circuit held that Section 1447(b) confers exclusive jurisdiction on a district court over an immigration application where the USCIS has failed to determine the matter within 120 days of its examination of the applicant. Once an applicant invokes the jurisdiction of the federal court, the court "may either determine the matter or remand the matter . . . to the Service to determine the matter." 8 U.S.C. § 1447(b).

Here, Petitioner properly exercised his right to have the matter determined by the Court. Once the 120-day period after the date of his examination expired, he was free to file his action in federal district court and at the point that he filed, USCIS no longer had the power to grant or deny his application. <u>Hovsepian</u>, 359 F. 3d at 1159-64. The jurisdiction of the federal court is not divested by subsequent events such as the agency's belated decision to take some action regarding the application. <u>Dominguez v. Ashcroft</u>, No. Civ. 04-1030, 2004 WL 2632916, at *1 (D. Or. Nov. 18, 2004)(<u>citing</u> <u>Hovsepian</u>).

Because Petitioner invokes the Court's jurisdiction under 8 U.S.C. § 1447(b), there is no requirement that he exhaust administrative remedies. <u>Hovsepian</u>, 359 F. 3d at 1162-63. Section 1447(b) provides an alternate course to the federal court for those individuals whose applications are not determined by the USCIS within 120 days of the date of examination. Respondents' contention that Petitioner must exhaust administrative remedies before invoking the jurisdiction of the court is premised on a myopic view of the case: a denial, i.e., a determination, was made on January 27, 2006

by USCIS and Petitioner, therefore, is limited to judicial review only <u>after</u> he completes his journey through the administrative process. As the Ninth Circuit stated, however, Section 1447(b) is "an effective jurisdiction-stripping statute." <u>Id.</u> at 1161. Because USCIS lost its power to determine Petitioner's application before it issued the denial, the purported "determination" by USCIS has no force. Petitioner is, therefore, not required to complete the administrative review process before he has his day in court.

B.   Timely Determination

Respondents next argue that because a criminal investigation "remain[ed] pending," the denial issued on January 27, 2006 was timely made. Because Respondents rely on <u>Danilov v. Aguirre</u>, 370 F. Supp. 2d 441, 444 (E.D. Va. 2005), the Court takes this argument to embrace the <u>Danilov</u> court's holding that the "examination" referenced in Section 1447(b) is an on-going process that includes the gathering of information from the FBI and other sources. According to Respondents, "[a]fter receiving a summary of UNUM's investigation on January 27, 2006, USCIS denied petitioner's application for citizenship." (Resp'ts' Mem. Supp. Obj'n to Mot. Hr'g 6.)

Respondents' expansive reading of the word "examination" has been soundly rejected by every district court to consider the issue after the <u>Danilov</u> decision was issued. See <u>Daami v. Gonzales</u>, No. 05-3667, 2006 WL 1457862, at *4 (D.N.J. May 22, 2006); <u>Al-Kudsi v. Gonzales</u>, No. CV 05-1584, 2006 WL 752556, at *2 (D. Or. Mar. 22, 2006); <u>Shalan v. Chertoff</u>, No. Civ. A. 05-10980, 2006 WL 42143, at *1 (D. Mass. Jan. 06, 2006); <u>Essa v. U.S. Citizenship and Immigration Services</u>, No. CIV051449, 2005 WL 3440827, at *2 (D. Minn. Dec. 14, 2005); <u>El-Daour v. Chertoff</u>, 417 F.Supp. 2d

5

679, 681 (W.D. Pa. 2005). In each case, the court found that the word "examination" referred to the interview conducted by a USCIS official and that the 120-day period referenced in Section 1447(b) began to run on the day after the interview. This Court finds the reasoning of those decisions more compelling than the conclusion reached by the court in Danilov.[1] Accordingly, this Court finds that the USCIS failed to make a determination before the end of the 120-day period after the date on which Petitioner underwent his examination.

C.   Laches

Finally, Respondents argue that Petitioner "waived his right to judicial review" because he waited for almost 1 ½ years from the date the 120-day period ran (June 2, 2004) before he filed suit. Respondents contend that "this wait on petitioner's part is tantamount to a waiver of judicial review by laches." (Resp'ts' Mem. Supp. Obj'n to Mot. Hr'g 3.) Laches is an equitable doctrine that bars a claim where a party's delay in bringing suit was unreasonable and resulted in prejudice to the opposing party. Puerto Rican-Americans Ins. Co. v. Benjamin Shipping Co., Ltd., 829 F.2d 281, 283 (1st Cir. 1987) (citing Costello v. United States, 365 U.S. 265, 282 (1961)). Here, Respondents' claim that because Petitioner delayed in bringing suit, they were prejudiced by "having devoted . . . limited resources to completing the initial administrative decision. . . ." (Id. at 4.) Respondents do not say what resources were expended or, more importantly for

---

[1] The court in Danilov apparently did not have the benefit of a fully-briefed adversary proceeding; it appears that the *pro se* applicant in that case failed to file a timely response to the government's motion and the court dispensed with oral argument. Danilov v. Aguirre, 370 F. Supp. 2d 441, 442 (E.D. Va. 2005).

purposes of this argument, <u>when</u> those resources were expended. Further, Respondents argue without elaboration that Petitioner's waiting 1 ½ years for a decision was "unreasonable." Petitioner did not simply wait, however. According to his Petition, he made seven inquiries of USCIS as to the status of his application from March 2004 through July 2005. Balancing the lack of information regarding Respondents' claim of prejudice and Petitioner's documented efforts to prod USCIS to make a decision, this Court finds that Respondents have failed to make out a valid claim of laches.

## III. Conclusion

Having now considered all of Respondents' arguments in support of the Motion to Dismiss and in Opposition to Petitioner's Motion for a Merits Hearing, the Court denies the Motion to Dismiss. The Court finds that it has jurisdiction over the matter. A hearing will be scheduled to determine the merits of Petitioner's Application.

SO ORDERED:

_____
Mary M. Lisi
United States District Judge
June  6 , 2006