**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GERO MEYERSIEK, | : | |
| Petitioner | : | |
| | : | |
| V. | : | C.A. NO. 05-398ML |
| | : | |
| UNITED STATES CITIZENSHIP AND | : | |
| IMMIGRATION SERVICES, ET AL., | : | |
| Respondents | : | |

**REPLY TO PETITIONER'S POST-HEARING MEMORANDUM**

Petitioner, in an attempt to discredit the investigative report prepared by UnumProvident Corporation (Unum), which was submitted to the FBI and the United States Attorney's Office (Exhibit C), has made several statements that are without foundation and are untrue.

Petitioner asserts that "despite two subpoenas from the Government, Unum has NOT provided its complete file regarding Dr. Meyersiek and an inference of spoliation of evidence should be de drawn from this refusal. Most obvious is the failure to provide complete hearing transcripts from Dr. Meyersiek's Family Court hearings." (Emphasis in original). Pet.'s Post-Hearing Memo, p. 5.[1]

---

[1] Defendants only issued one subpoena to Unum relative to the action pending in this Court. Although petitioner has not specified, the other subpoena is probably a reference to an administratively-issued subpoena (Exhibit A, p. 185). Of course, the administrative proceeding is not an issue before the Court. Nonetheless, the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security (ICE), accepted the summary of the investigative report from Unum, in response to the subpoena. See Declaration of Senior Special Agent David S. Adkins, attached hereto. Petitioner's complaint about the inadequacy of Unum's summary of investigation is without foundation, in any event, as each and every statement in the summary is supported by documentation and is in evidence before the Court. Trial Exhibit C.

Petitioner has not made a case for spoliation of evidence; Unum is not a party to the case; and even if it were, no evidence that Unum had a motive to destroy documents, let alone that it destroyed evidence, has been presented to the Court. Moreover, petitioner never sought the documents in question; and made no comment about them during the trial. Nor has he cited any case law in support of this misplaced proposition. "When a document relevant to an issue in a case is destroyed, the trier of fact sometimes may infer that the party who obliterated it did so out of a realization that the contents were unfavorable. Before such an inference may be drawn, there must be a sufficient foundational showing that the party who destroyed the document had notice both of the potential claim and of the document's potential relevance." Blinzler v. Marriott Intern., Inc., 81 F.3d 1148, 1158 -1159 (1st Cir. 1996) (internal citations omitted). See also Malinowski v. Documented Vehicle/drivers Systems, Inc., 66 Fed. Appx. 216, 222 (1st Cir. 2003).

As a matter of fact, Unum neither destroyed, nor withheld documents. Rather, it produced the documents requested by the Government on both occasions. See, Adkins Decl. and Declaration of Robin E. Feder, attached hereto. It is worth noting in this regard that petitioner agreed to admission of Unum's investigative report without reservation. Transcript, July 13, 2006, p. 12, ll. 16-24.

The allegation that there was a failure to produce complete hearing transcripts is also misplaced. During the course of the hearing, counsel for the Government specifically advised the Court and petitioner that the transcripts attached to the report were excerpts and that a complete

set of the transcripts was available, if desired. The statement was met by silence. Transcript, July 13, 2006, p. 68, ll. 9-12.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Robin E. Feder
ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: robin.feder@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2006, I caused to be electronically filed the within Reply to Petitioner's Post-Hearing Memorandum with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

Laura C. Harrington, Esq.
Sheryl Pond, Esq.
575 East Main Road
Middletown, RI 02842

/s/ Robin E. Feder
ROBIN E. FEDER, #3415
Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel.: (401) 709-5000
Fax.: (401) 709-5017
Email: robin.feder@usdoj.gov